CONCHITA E. LOZANO-BATISTA, Bar No. 227227
CRAIG SCHECHTER, Bar No. 308968
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
            clozano@unioncounsel.net
            cschechter@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>                Plaintiffs,<br><br>   v.<br><br>ARENA CLEANERS USA INC., a California Corporation,<br><br>                Defendant. | No. 4:21-cv-07686-DMR<br><br>**MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**<br><br>Date:  April 28, 2022<br>Time: 1:00 P.M.<br>Loc.:  Courtroom 4, 3rd Floor<br>Judge: Hon. Donna M. Ryu |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 4:21-cv-07686-DMR

**TABLE OF CONTENTS**

I. NOTICE ..................................................................................................................................1

II. MEMORANDUM OF POINTS AND AUTHORITIES ........................................................2

    A. INTRODUCTION AND RELEVANT FACTS ........................................................2

III. ISSUES TO BE DECIDED ...................................................................................................5

IV. RELIEF REQUESTED ..........................................................................................................5

V. ARGUMENT .........................................................................................................................6

    A. JURISDICTION AND SERVICE OF PROCESS ......................................................6

        1. Subject Matter Jurisdiction .............................................................................6

        2. Personal Jurisdiction ......................................................................................6

        3. Service of Process ..........................................................................................6

    B. LEGAL STANDARD .................................................................................................7

    C. APPLICATION TO THE CASE AT BAR .................................................................7

        1. Possibility of Prejudice to Plaintiffs ...............................................................7

        2. Merits of Plaintiffs' Substantive Claim, Sufficiency of the Complaint .........................................................................................................8

        3. Sum of Money at Stake ..................................................................................8

        4. Possibility of a Material Factual Dispute .......................................................9

        5. Default Was Not the Result of Excusable Neglect ........................................9

        6. Public Policy Favoring Decisions on the Merits ............................................9

    D. RELIEF SOUGHT ....................................................................................................10

        1. Audit and Continuing Jurisdiction ...............................................................10

        2. Attorneys' Fees and Costs ............................................................................11

VI. CONCLUSION ....................................................................................................................12

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

ii
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. No. 3:21-cv-08397-JD

# TABLE OF AUTHORITIES

**Federal Cases**

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) .................................................................................................7

*Bd. of Trs. v. Bellicitti & Pellicciotti*,
   11-cv-3971-YGR (JSC) (default judgment entered on October 12, 2012) .............................12

*Bd. of Trs. v. Cal-Kirk Landscaping, Inc.*,
   08-cv-3292-EMC (default judgment entered November 20, 2012) ........................................12

*Bd. of Trs. v. FMB Masonry, Inc.*,
   11-cv-5704-CRB (default judgment entered on July 13, 2012) .............................................12

*Bd. of Trs. v. KMA Concrete Constr. Co.*,
   No. 10-5774, 2011 WL 7446345 (N.D. Cal. Dec. 20, 2011) ...............................................7, 11

*Bd. of Trs. v. RBS Washington Blvd. LLC*,
   No. 09-0660, 2010 WL 145097 (N.D. Cal. Jan 8, 2010) .....................................................10, 11

*Church Bros., LLC v. Garden of Eden Produce, LLC*,
   2012 WL 1155656 (N.D. Cal. Apr. 5, 2012) ...........................................................................9

*DirecTV, Inc. v. Hoa Huynh*,
   503 F.3d 847 (9th Cir. 2007) ...................................................................................................9

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ...................................................................................7, 8, 9, 10

*Geddes v. United Financial Group*,
   559 F.2d 557 (9th Cir. 1977) (per curiam) ...............................................................................6

*Kemner v. District Council of Painting and Allied Trades No. 36*,
   768 F.2d 1115 (9th Cir. 1985) .................................................................................................12

*Penpower Tech. Ltd. v. S.P.C. Tech.*,
   627 F. Supp. 2d 1083 (N.D. Cal. 2008) ...................................................................................6

*PepsiCo, Inc. v. Cal. Sec. Cans*,
   238 F. Supp. 2d 1172 (C.D. Cal. 2002) ................................................................................7, 9

*Shanghai Automation Instrument Co. v. Kuei*,
   194 F. Supp. 2d 995 (N.D. Cal. 2001) .....................................................................................9

*In re Tuli*,
   172 F.3d 707 (9th Cir. 1999) ...................................................................................................6

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

iii
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. No. 3:21-cv-08397-JD

**Federal Statutes**

29 U.S.C. § 185 ................................................................................................................. 3, 6

29 U.S.C. § 502(g)(2) ....................................................................................................... 10, 11

29 U.S.C. § 515 ................................................................................................................. 8

29 U.S.C. § 1132(g)(2) ...................................................................................... 5, 6, 10, 11

**Rules**

Federal Rule of Civil Procedure 4 ....................................................................................... 7

Federal Rule of Civil Procedure 8(a) ................................................................................... 8

Federal Rule of Civil Procedure 55 ..................................................................................... 6

Federal Rule of Civil Procedure 55(b)(2) ........................................................................ 2, 7

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

Plaintiffs, The Board of Trustees, in their capacities as Trustees of the Laborers Health and Welfare Trust Fund for Northern California; Laborers Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training and Retraining Trust Fund for Northern California ("Trust Funds" or "Plaintiffs") submit their Motion for Default Judgment By Court against Defendant Arena Clearers USA Inc., a California corporation ("Arena" or "Defendant").

## I.   NOTICE

TO THE DEFENDANT:

PLEASE TAKE NOTICE that the Trust Funds will move, and hereby do move, the Court order a default judgment against the Defendant to be entered in this action in which it is ordered by the Court:

1. That Defendant be ordered to submit to a full audit by the auditors sleeved by the Trust Funds, covering the time period beginning May 1, 2019 to date, at the premises of Defendant, or location where the records are kept, during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendant relevant to the enforcement of the Master Agreement or the Trust Agreements;

2. That Defendant be ordered to pay any contributions found due and owing as a result of this audit, and interest thereon;

3. That Defendant be ordered to submit contribution reports and pay fringe benefits contributions (if applicable) for the months of November 2020 through January 2022;

4. That Defendant be ordered to pay to Plaintiffs their reasonable attorneys' fees in the amount of $7,160.00 and Plaintiffs' costs of suit in the amount of $788.15.

5. That the Defendant be permanently enjoined and required to timely submit all required monthly contribution reports and contributions due and owing by Defendant to Plaintiffs; and

6. This Court to retain jurisdiction to amend the judgment it issues to include an amount found due and owing as a result of the audit of Defendant's books and records conducted after entry of this Judgment.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1

MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

This motion is being brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedures ("F.R.C.P."), and is based on the following grounds. Defendant is bound by all the terms and conditions of a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter the "Union"), which requires Defendant to make contributions to multiemployer employee benefit plans for each hour of covered work performed by their employees. Pursuant to the Master Agreement, which incorporates various Trust Agreements establishing each of the Trust Funds, Defendant agreed to permit an auditor designated by the Trust Funds' Board of Trustees to examine and copy its books and records to ensure its compliance with its reporting obligations. Defendant failed to submit to a compliance audit.

The Trust Funds therefore filed their Complaint on September 30, 2021 to compel Defendant to submit to an audit and to submit contribution reports and pay contributions (if applicable) for the months of November 2020 through August 2021. (Dkt. No. 1). The Complaint was served on Defendant by substituted service on December 12, 2021. (Dkt. No. 11). The Summons was returned to the Court on December 15, 2021. (*Id.*) Defendant failed to answer the Complaint; and at the request of Plaintiffs, the Clerk entered default against Defendant on February 2, 2022. (Dkt. No. 16). Plaintiffs attorneys' fees related to this suit are $7,160.00 and their costs are $788.15.

The Trust Funds are entitled to entry of default judgment against Defendant under F.R.C.P. 55(b)(2). This Notice and Motion are supported by the Memorandum Points and Authorities that follow; Declarations of Michelle Lauziere and Craig L. Schechter; and the [Proposed] Order and Judgment, all of which are filed concurrently herewith.

## II.     MEMORANDUM OF POINTS AND AUTHORITIES

### A.     INTRODUCTION AND RELEVANT FACTS

At all relevant times, Defendant was signatory and bound to a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

2
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

Relations Act (29 U.S.C. § 185). Defendant became subject to the terms and conditions of, and bound by, the Laborers' Master Agreement for Northern California (hereinafter "Master Agreement") by virtue of signing a Memorandum of Agreement (hereinafter "MOA") with the Union. The Master Agreement by its terms incorporates the various Trust Agreements establishing each of the Trust Funds (hereinafter the Master Agreement, MOA, and Trust Agreements are collectively referred to as the "Agreements."). By said Agreements, Arena promised that it would contribute and pay to Plaintiffs the hourly amounts required by the Agreements for each hour paid for or worked by any of its employees who performed any work covered by the Agreements. (Lauziere Decl. ¶7, Exh. C.)  Pursuant to the aforementioned Agreements, Defendant promised that it would contribute and pay to Plaintiffs the hourly amounts required by said Agreements for each hour paid for or worked by any of its employees who performed any work covered by said Agreements, and that it would be subject to and bound by all of the terms, provisions, and conditions of the Trust Agreements. (Lauziere Decl. ¶9.)

Defendant has never given written notice, as required under the Agreements, to terminate the Laborers' Agreement. (Lauziere Decl. ¶8.) Thus, the Agreements continue in full force and effect between the Trust Funds and Defendant, and Defendant remains bound to the Agreements. (Lauziere Decl. ¶8.)

The Trust Agreements provide for prompt payments of all employer contributions to the various Trust Funds and provide for liquidated damages, not as a penalty, but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Trust Funds. (Lauziere Decl. ¶10, Ex. A, see Article II, Section 10 of the each of Trust Agreements.) Said Trust Agreements also provide for the payment of interest on all delinquent contributions, attorney's fees, other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the Master Agreement and law. (Lauziere Decl. ¶¶10-12.) More specifically, Article IV, section 9 of the Trust Agreement creating the Welfare Fund, Article VI, section 8 of the Trust Agreement creating

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

the Vacation-Holiday Fund, Article IV, section 8 of the Trust Agreement creating the Pension Fund, and Article IV, section 8 of the Trust Agreement creating the Training Fund, each provide that:

> Upon request in writing from the Board of Trustees, an Individual Employer will permit a Trust Fund Auditor to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, not less than two (2) working days after such request, and to examine and copy such books, records, papers, or reports of such Individual Employer as may be necessary to determine whether the Individual Employer is making full and prompt payment of all sums required to be paid by him to the Fund.

(Lauziere Decl. ¶10, Ex. A). Accordingly, Defendant also agreed to pay all contributions for covered work by employees of Defendant. (Lauziere Decl. ¶7, Ex. C at Art. VIII.)

Pursuant to the Master Agreement and Trust Agreements, on November 2, 2020, Plaintiffs contacted Defendant by letter and notified Defendant that, pursuant to the Agreements, they were requesting an audit to determine whether Defendant accurately reported and paid all contributions owed to the Trust Funds for work covered by Defendant's collective bargaining agreement with the Union for the period from May 2019 to the last completed quarter. On February 5, 2021, Plaintiffs again contacted Defendant by letter and notified Defendant that if it did not contact Plaintiffs' auditor within ten (10) working days, the matter would be referred to Plaintiffs' counsel for further action.

Defendant failed to submit its books and records to the Trust Funds for a compliance audit. Defendant further failed to submit contributions reports and pay contributions (if applicable) for the months of November 2020 through August 2021. The Trust Funds therefore filed their Complaint on September 30, 2021 to compel Defendant to submit to an audit and to submit contribution reports and pay contributions (if applicable) for the months of November 2020 through August 2021.[1] (Lauziere Decl. ¶17; Dkt. No. 1). The Summons and Complaint were served on Defendant on December 12, 2021 by substituted service. (Dkt. No. 11). The Summons was returned to the Court on December 15, 2021. (*Id.*) Defendant failed to answer the

---

[1] Since the filing of the Complaint, Defendant has failed to submit contribution reports and applicable contribution payments (if any) for September 2021 through January 2022.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

4
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

Complaint; and at the request of Plaintiffs, the Clerk entered default against the Defendant on February 2, 2022. (Dkt. No. 16).

The Trust Agreements and ERISA provide for the recovery of reasonable attorney's fees and other reasonable expenses incurred in connection to an action to recover contributions and enforce the terms of the applicable agreements. Declaration of Craig L. Schechter ("Schechter Decl.") at ¶4 and Lauziere Decl. ¶13. Plaintiffs attorneys' fees related to this suit are $7,160.00 and their costs are $788.15.  Schechter Decl. at ¶¶5, 10-11, Exhs. A, B.

### III.   ISSUES TO BE DECIDED

The Court must decide the following issues:

1. Must Defendant be ordered to submit to an audit of their books and records for the period of May 2019 to the last completed quarter, as required by the agreements to which it is bound, and to pay any contributions found due and owing as a result of this audit and interest thereon?

2. Is Defendant liable under ERISA for the unpaid contributions, liquated damages and interest determined by the audit for the period of May 2019 to the last completed quarter?

3. Must the Defendant be ordered to submit contribution reports and pay fringe benefits contributions (if applicable) for the months of November 2020 through January 2022?

4. Are Plaintiffs entitled to attorneys' fees of $7,160.00 and $788.15 in costs related to this matter, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), and the Trust Agreements?

### IV.   RELIEF REQUESTED

The Trust Funds respectfully request that the Court enter a default judgment in favor of the Trust Funds against Defendant for: (1) an Order directing Defendant to submit to an audit of its books and records for the period of May 2019 to the last completed quarter, and to pay any contributions found due and owing as a result of the audit, and interest thereon; (2) an Order directing Defendant to submit contribution reports and pay contributions (if applicable) for the months of November 2020 through January 2022;  (3) an Order directing Defendant to pay and attorneys' fees of $7,160.00  in attorneys' fees and $788.15 in costs ; (4) An Order directing and permanently enjoining Defendant to timely submit all required monthly contribution reports and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

5

MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

contributions due and owing by Defendant; (5) for this Court to retain jurisdiction; and (6) an Order for such and further relief as to this Court seems just and proper.

## V.    ARGUMENT

After entry of default a court may grant default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. The factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam).

### A.    JURISDICTION AND SERVICE OF PROCESS

As a preliminary matter, when a court is considering whether to enter a default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

#### 1.    Subject Matter Jurisdiction

Here, the Court has subject matter jurisdiction pursuant to 29 U.S.C. § 185 (granting labor union organizations power to sue employers in Federal court) and § 1132 (empowering ERISA plan fiduciaries to bring civil actions to enforce plan terms).

#### 2.    Personal Jurisdiction

The Court has personal jurisdiction because Defendant is a California corporations that conducts business in California, and the contributions payable to the Trust Funds are payable in San Francisco, California under Agreements to which Defendant is bound. (Lauziere Decl. ¶6, Ex. B; Dkt. No. 1 at I.)

#### 3.    Service of Process

A court shall "assess the adequacy of the service of process on the party against whom default is requested." *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008) (quoting *Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Lauziere*, No. 00–0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001)). Here, Defendant was served by substituted service with the Complaint pursuant to Federal Rule of Civil Procedure 4 on

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

6
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

December 12, 2021. (Dkt. No. 11).  Proof of service with summons was filed with the Court on December 15, 2021. (*Id.*)  Defendant failed to answer the Complaint; and at the request of Plaintiffs, the Clerk entered default against Defendant on February 2, 2022. (Dkt. No. 16).

Additionally, Defendant is not a minor or incompetent person.  (Fed. R. Civ. P. 55(b)(2).) Defendant is a corporation and is therefore not in military service.  (Lauziere Decl. ¶6, Exh. B.) Because Defendant is a corporation and not a minor or incompetent person, it is not exempt from default judgment. *Bd. of Trs. v. KMA Concrete Constr. Co.*, No. 10-5774, 2011 WL 7446345, at *7 (N.D. Cal. Dec. 20, 2011)

**B.    LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case.  "The district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court should consider the following factors in determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**C.    APPLICATION TO THE CASE AT BAR**

The majority of the *Eitel* factors strongly favor entry of a default judgment against Defendant.

**1.    <u>Possibility of Prejudice to Plaintiffs</u>**

The first *Eitel* factor, possibility of prejudice to the plaintiff, clearly favors default judgment, since Plaintiffs will have no other alternative means of recovering damages following the entry of default. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

7
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

## 2. Merits of Plaintiffs' Substantive Claim, Sufficiency of the Complaint

The second and third *Eitel* factors essentially require that "a plaintiff state a claim upon which [it] may recover." *Id.* at 1175 (internal quotations omitted). In this case, Plaintiffs' claims arise from the Defendant's breach of the Agreements. Plaintiffs claim that Defendant violated ERISA § 515 by failing to permit an audit pursuant to the terms of the Agreements. These allegations are sufficient to state a claim under Federal Rule of Civil Procedure 8(a). The claims are further substantiated by the factual records. Plaintiffs have offered evidence that Defendant signed a Memorandum Agreement binding it to the Master Agreement, the Trust Agreements incorporated by reference, and any successor agreements. (Dkt. No. 1 at ¶ IV, Exs. A and B; Lauziere Decl. ¶7, Exs. C, D.) Article IV, section 9 of the Trust Agreement creating the Welfare Fund, Article VI, section 8 of the Trust Agreement creating the Vacation-Holiday Fund, Article IV, section 8 of the Trust Agreement creating the Pension Fund, and Article IV, section 8 of the Trust Agreement creating the Training Fund, each provide that:

> Upon request in writing from the Board of Trustees, an Individual Employer will permit a Trust Fund Auditor to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, not less than two (2) working days after such request, and to examine and copy such books, records, papers, or reports of such Individual Employer as may be necessary to determine whether the Individual Employer is making full and prompt payment of all sums required to be paid by him to the Fund.

(Dkt. No. 1 at ¶ VII; Lauziere Decl. ¶¶ 3, 10, Ex. A.)

Accepting all factual allegations as true, Plaintiffs have stated a claim for relief. Unlike the pleadings in *Eitel*, which should have given the court "serious reservations," these claims are more than sufficient to state a claim, and therefor weigh in favor of entry of default judgment. (*Eitel*, 782 F.2d at 1472.)

## 3. Sum of Money at Stake

The fourth factor *Eitel* considers the amount of money at stake. (*Id.* at 1471-72.) The Plaintiffs here are seeking injunctive relief and the right to amend their judgment to include damages revealed by their compliance audit after it is completed. Because the amount sought, if any, will be supported by the records that Plaintiffs seek to review, any damages included in an

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

8

MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

amended judgment will be tailored to the specific misconduct to Defendant and clearly supported by evidence in the record, and will likely be far less than the amount at stake in *Eitel*, where the plaintiff "was seeking almost $3 million in damages." (Id. at 1472.); *See also Church Bros., LLC v. Garden of Eden Produce, LLC*, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012) ($212,259.21 deemed "modest" and "far less than [the amount] contemplated by the court in *Eitel*"). This factor, therefore, supports the entry of default judgment.

### 4. Possibility of a Material Factual Dispute

The possibility of a dispute concerning material facts can weigh against default judgment. *Eitel*, 782 F.2d at 1472 (default judgment not appropriate in part "because the parties disputed material facts in the pleadings"). This factor supports default judgment. Defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint and there is no evidence of any latent dispute. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007). Plaintiffs' right to conduct an audit is stated in the plain language of the Agreements. As such, there is not, and cannot, be a dispute as to Plaintiffs' right to conduce a complaint audit of Defendant's records. As a result, there is no prospect for a dispute of material facts, and this factor weighs in favor of default judgment.

### 5. Default Was Not the Result of Excusable Neglect

Defendant was properly served with the Summons and Complaint and the record does not contain any evidence to suggest that Defendant's failure to appear and defend against this action was excusable. (Dkt. No. 7). Defendant was also served with Plaintiffs' Request for an Entry of Default on January 31, 2022 (Dkt. No. 15-2), but failed to appear in this action. Therefore, this factor supports default judgment. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (default after proper service was not excusable neglect).

### 6. Public Policy Favoring Decisions on the Merits

The final consideration is that public policy favors decisions on the merits. *Eitel*, 782 F.2d at 1472. While decisions on the merits are desirable, "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

9
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

238 F. Supp. 2d at 1178.  Accordingly, this factor is not dispositive, particularly where, as here, "every other factor" supports default judgment.  *Kuei*, 194 F. Supp. 2d at 1005.

Here, Defendant was properly served with a well-pleaded Complaint but failed to respond.  Because the *Eitel* factors weight heavily in favor of default judgment, and because Defendant's liability is established, the Court should enter default judgment against Defendant.

### D.    RELIEF SOUGHT

The relief sought here is explicitly authorized by ERISA Section 502(g)(2).  When an employee benefit plan obtains judgment in its favor in an action under 29 U.S.C. § 1132(g)(2), "**the court shall award the plan** –

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of

    (i)    interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent […]

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate."

(emphasis added).

#### 1.    Audit and Continuing Jurisdiction

Plaintiffs seek to conduct an audit of Defendant's records in order to discover if there are additional amounts due and owing.  Plaintiffs also ask the Court to retain jurisdiction in order to ensure payment of any further delinquent amounts discovered during such audit.  In ERISA cases:

> The Ninth Circuit has held that when the trust agreement terms allow for such an audit, the court may compel the audit specified in the trust agreement terms." *Bd. Of Trustees v. RBS Washington Blvd., LLC,* No. C 09-00660 WHA, 2010 WL 145097, at *5 (N.D.Cal. Jan. 8, 2010) (citing Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491, 1494 (9th Cir. 1990)); see also *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.,* 472 U.S. 559, 566, 105 S.Ct. 2833, 86 L.Ed.23 447 (1985) (holding that "the audit requested by [the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

10
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

petitioner] is well within the authority of the trustees as outlined by the trust documents").

*Bd. Of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. William Charles Porges dba Accelerated Electric, et al.*, 2013 WL 4012009 at *9 (E.D. Cal. Aug. 6, 2013.) Further, in ERISA cases, courts may retain jurisdiction to adjust the damages award following an audit. *See, e .g., Bd. of Trs. v. KMA Concrete Constr. Co.*, No. 10-5774, 2011 WL 7446345, at *6 (N.D. Cal. Dec. 20, 2011) (retaining jurisdiction to account for further delinquencies discovered by an audit after proper showing by the plaintiff); *Bd. of Trs. v. RBS Washington Blvd. LLC*, No. 09-0660, 2010 WL 145097, at *6-7 (N.D. Cal. Jan 8, 2010) (same).

Defendant expressly agreed to submit to an audit to ensure compliance with the Agreements. (Dkt. No. 1, ¶¶ IV, VI-VII; Lauziere Decl. ¶11, Ex. A, Article IV, Section 7 of the Health and Welfare Trust Fund for Northern California; Article IV, Section 7 of the Pension Trust Fund for Northern California; Article IV, Section 7 of the Vacation-Holiday Trust Fund; and Article IV, Section 7 of the Laborers Training and Retraining Trust Fund; Ex. C, Section 7(B)). Defendant also agreed to pay all contributions for covered work performed by employees of Defendant if discovered through audit. (Dkt. No. 1, ¶V; Lauziere Decl. ¶9.)  The Complaint gave Defendant clear notice that Plaintiffs would seek an audit and that Defendant would be expected to pay further past-due amounts discovered by the audit. (Dkt. No. 1, ¶XVII).  Plaintiffs are entitled to conduct an audit and demand payment of properly substantiated additional delinquencies.  Defendant should be ordered to comply with its obligation to allow an audit of its records.  To ensure compliance, Plaintiffs request that the District Court retain jurisdiction over this matter, pending a timely audit, to amend the judgment upon a proper showing by Plaintiffs.

### 2. Attorneys' Fees and Costs

Plaintiffs request $7,160.00 in attorneys' fees and $788.15 in costs.  Plaintiffs' entitlement to recover fees and costs is supported by ERISA §502(g)(2) (29 U.S.C. § 1132(g)(2)(D)) and in the relevant Agreements.  The Agreements provide that if an employer fails to abide by the terms of the agreement with regard to fringe benefit payment and legal consultation is sought by the Board of Trustees, reasonable attorneys' fees, costs, and all other expenses incurred in enforcing

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

collection will be paid by the delinquent employer.  Lauziere Decl. ¶13, Ex. A, Health and Welfare Trust Fund Article IV, Section 3 (p.10); Pension Trust Fund Article IV, Section 3 (p. 10); Vacation-Holiday Trust Fund Article IV, Section 3 (p. 11); and Training & Retraining Article IV, Section 3 (p. 10).  Based on this contractual authorization, Defendant should be liable for the reasonable cost of attorneys' fees and costs incurred by the Trust Funds in seeking to collect the delinquencies and compel the audit at issue.  *See Kemner v. District Council of Painting and Allied Trades No. 36*, 768 F.2d 1115, 1120 (9th Cir. 1985).

The rates sought are justified by Plaintiffs' counsel's experience in ERISA litigation and are modest compared with those prevailing in the community.  These rates have been approved in numerous cases in this District, including: (1) *Bd. of Trs. v. Cal-Kirk Landscaping, Inc.*, 08-cv-3292-EMC (default judgment entered November 20, 2012); (2) *Bd. of Trs. v. Bellicitti & Pellicciotti*, 11-cv-3971-YGR (JSC) (default judgment entered on October 12, 2012); (3) *Bd. of Trs. v. FMB Masonry, Inc.*, 11-cv-5704-CRB (default judgment entered on July 13, 2012).  Finally, the hours requested are modest in comparison with the amount at stake in the case, and are less than amounts approved in similar recent cases from this District.  In the cases mentioned above, the Plaintiffs were awarded $34,953.75, $14,112.50, and $9,352.50, respectively.  The amount sought here, $7,160.00 in fees and $788.15 in costs, is less than these awards.  Based on counsel's Declaration and the attached billing records, the fees and costs requested in this matter are reasonable.

## VI.     CONCLUSION

For the reasons stated above, Plaintiffs request that the Court enter Judgment against Defendant:

1. That Defendant be ordered to submit to an audit by auditors selected by the Trust Funds, covering the time period of May 2019 to date;

2. That Defendant is ordered to pay to any contributions found due and owing as a result of this audit, and interest thereon;

3. That Defendant is ordered to pay Plaintiffs their reasonable attorneys' fees in the amount of $7,160.00 and Plaintiffs'' costs of suit in the amount of $788.15;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

12
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD

4. That Defendant is permanently enjoined and required to timely submit all required monthly contribution reports and contributions due and owing by Defendant to Plaintiffs; and

5. This Court retail jurisdiction to amend the judgment it issues to include any amount found due and owing as a result of the audit of Defendant's books and records conducted after entry of this Judgment.

Dated: March 2, 2022                              WEINBERG, ROGER & ROSENFELD
                                                  A Professional Corporation

                                                  /s/ Craig L. Schechter
                                          By:     CRAIG L. SCHECHTER
                                                  Attorneys for Plaintiffs

152368\1243381

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

13
MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT
Case No. 3:21-cv-08397-JD